UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD, | No. 2:17-cv-2544 AC P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA ATTORNEY GENERAL'S OFFICE, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a civil detainee at Napa State Hospital who filed this civil rights action while detained in the Solano County Stanton Correctional Facility. Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted; however, the undersigned recommends that this action be dismissed as frivolous, without leave to amend.

I. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 4. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

1

II. Screening of Plaintiff's Complaint

  A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff's rambling complaint seeks wide-ranging relief against more than eighty (80) named defendants. Plaintiff alleges, inter alia, that Vallejo City Police Officer Capote would not have been killed if the Solano County Sheriff had relayed plaintiff's timely warning to the police department. ECF No. 1 at 8. Plaintiff alleges that numerous defendants "are involved in federal and state criminal illegal activities that range from tax evasion to first degree murder, capital cases and murders, second degree murder, including conspiracys [sic] to commit murder and or conspiracy to inflict harm upon federal[ly] protected petitioner by their attempt to render petitioner Warfield [] mentally incompetent and incapacitated." Id. at 9. Plaintiff alleges that defendants should be held to answer to "other federal and state criminal charges includ[ing] rape, statutory rape, sexual groping, child molestation . . . possession of illegal firearms, and as well narcotics traffiking on vessels utilized by illegal cartels or illegal gang smuggling traffiking foreign or domestic international or nationwide or weapons of mass destruction, chemical warfare, etc." [sic] Id. Plaintiff seeks damages and "demands" the issuance of "federal search warrants to any place of business listed in defendants" [sic] and arrest warrants on criminal charges "ranging through scope of sexual misconduct which requires mandatory castration;" plaintiff also requests that he be provided specific food items (e.g., "more dry oatmeal"). Id. at 13-4.

C. Analysis

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its " 'true substance, if any, is well disguised' " may be dismissed for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of

Richmond, 417 F.2d 426, 431 (9th Cir. 1969)). Plaintiff's nearly incomprehensible complaint does not comply with the standards of Rule 8.

Moreover, the factual allegations of the complaint are fantastical. "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke, 490 U.S. at 325-28). The facts alleged by plaintiff are patently incredible.

The undersigned finds the instant complaint both factually and legally frivolous, deficiencies that cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The court is persuaded that plaintiff is unable to allege any nonfrivolous facts, based upon the circumstances he challenges, that would state a legally cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez, 203 F.3d at 1129 ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). For these reasons, the undersigned recommends that this case be dismissed as frivolous, without leave to amend.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 4, is granted.

2. The Clerk of Court is directed to randomly assign a district judge to this action.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous, without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE